UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF INDIANA FORT WAYNE DIVISION

**-FILED-**

LANDON TERRELL HARBERT, Plaintiff,

JAN 15 2026

v.

At _____ M
Chanda J. Berta, Clerk
U.S. DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

DEL GARCIA, Sheriff of Grant County, Indiana, in his individual and official capacities; TOWNSEND, Correctional Officer, Grant County Jail, in his individual capacity; CALENDAR, Correctional Officer, Grant County Jail, in his individual capacity; QUALITY CORRECTIONAL CARE, LLC, Defendants.

Case No. **1 : 26CV030**

COMPLAINT FOR VIOLATION OF CIVIL RIGHTS (42 U.S.C. § 1983) JURY TRIAL DEMANDED

---

## I. JURISDICTION AND VENUE

1. This action arises under the Constitution and laws of the United States, including 42 U.S.C. § 1983 and the Fourteenth Amendment.

2. This Court has subject-matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

3. This Court has supplemental jurisdiction over related claims pursuant to 28 U.S.C. § 1367.

4. Venue is proper in this District under 28 U.S.C. § 1391(b) because the events giving rise to these claims occurred in Grant County, Indiana, within this District.

---

## II. PARTIES

1. Plaintiff Landon Terrell Harbert is a citizen of Indiana. At all relevant times, he was a pretrial detainee housed at the Grant County Jail.

2. Defendant Del Garcia was, at all relevant times, the Sheriff of Grant County, Indiana and the final policymaker for jail operations, including facility maintenance, housing assignments, detainee safety, staffing, training, supervision, and access to medical care. He is sued in his individual and official capacities.

3. Defendant Townsend was, at all relevant times, a correctional officer employed at the Grant County Jail. He is sued in his individual capacity.

4. Defendant Calendar was, at all relevant times, a correctional officer employed at the Grant County Jail. He is sued in his individual capacity.

1

5. Defendant Quality Correctional Care, LLC ("QCC") is a private corporation contracted by Grant County to provide medical services to detainees at the Grant County Jail. At all relevant times, QCC acted under color of state law.

---

## III. FACTUAL ALLEGATIONS

1. Plaintiff was booked into the Grant County Jail on September 7, 2025.

2. From the outset of his detention, Plaintiff was exposed to unsafe and unsanitary conditions, including recurring plumbing failures and overcrowding.

3. On September 10, 2025, Plaintiff filed a written grievance complaining of jail conditions, including plumbing issues.

4. On September 12, 2025, Plaintiff was handcuffed with another inmate and moved to segregation after refusing to lock inside a cell with feces backed up in the toilet.

5. Plaintiff was placed in a segregation cell without functional plumbing except for hot water. Multiple cells in the unit lacked plumbing.

6. Plaintiff filed additional written grievances regarding the lack of plumbing and unsanitary conditions.

7. In the early morning hours of September 13, 2025, Plaintiff informed Defendant Townsend that his unit lacked running cold water and proper plumbing.

8. Although a plumber was PROVIDED, the plumbing issues were not repaired.

9. Jail staff ceased responding to Plaintiff's intercom requests to be moved to a cell with functioning plumbing.

10. Defendant Townsend later confirmed that only hot water worked in the cell and then walked away without resolving the issue.

11. After Plaintiff reported jail conditions to the Indiana Department of Health and the Indiana Attorney General's Office, he was moved to a different cell with working plumbing.

12. On September 14, 2025, water flowed from the shower area into the dayroom due to drainage failures.

13. At approximately 6:00 p.m., Plaintiff slipped on pooled water in the dayroom and fell in front of Defendants Townsend and Calendar.

14. Plaintiff dislocated and fractured his left elbow as a result of the fall.

15. Plaintiff lay on the floor for several minutes yelling for medical help and informing Defendants of his injury.

16. Defendants Townsend and Calendar did not summon medical assistance and instead demanded that Plaintiff lock down in his cell.

17. When Plaintiff attempted to reach the phones to seek outside help, Defendant Calendar ordered that the phones be shut off.

18. Plaintiff was told he would receive medical care if he locked down, but no nurse ever came.

19. Plaintiff was denied grievance forms and remained in severe pain throughout the night.

20. Defendant Townsend later stated that no medical staff were on duty during the shift.

21. On the morning of September 15, 2025, Plaintiff awoke with his elbow severely swollen and hot.

22. On the morning of September 15, 2025, at approximately 8:00 a.m., after having suffered all night in severe pain and being refused medical attention, Plaintiff pressed the dorm intercom and informed Grant County Jail staff that he was contemplating suicide and requested to be placed on suicide watch.

23. Plaintiff was then placed in a suicide-watch cell located approximately ten feet from the nurse's office, where he remained for approximately three hours until he was transported to the Hamilton County Jail on an unrelated charge.

24. During this period, a QCC nurse was present but never evaluated Plaintiff's reported elbow dislocation, nor did she perform a wellness check in accordance with the suicide-prevention standard requiring "more frequent" observations, instead choosing not to treat Plaintiff's serious medical injury or conduct a wellness assessment.

25. Plaintiff was transported to the Hamilton County Jail without receiving medical treatment and without notice to receiving staff of his injury.

26. Subsequent medical evaluation revealed a fracture that worsened due to delayed treatment, ultimately requiring surgery and rehabilitation.

---

IV. COUNT I – FOURTEENTH AMENDMENT CONDITIONS OF CONFINEMENT (Against Defendants Garcia, Townsend, and Calendar)

1. Plaintiff realleges paragraphs 1–35.

2. Plaintiff was a pretrial detainee entitled to protection from objectively unreasonable conditions of confinement.

3

3. Defendants were aware of ongoing plumbing failures, standing water, and unsanitary conditions.

4. Defendants failed to repair known hazards, restrict access, warn detainees, or relocate Plaintiff.

5. Standing water in the jail dayroom posed an obvious risk of serious harm.

6. Defendants' actions and omissions were objectively unreasonable and not related to any legitimate governmental purpose.

7. As a direct result, Plaintiff suffered serious physical injury.

---

V. COUNT II – FOURTEENTH AMENDMENT DENIAL OF MEDICAL CARE (Against Defendants Townsend and Calendar)

1. Plaintiff realleges paragraphs 1–35.

2. Plaintiff suffered an objectively serious medical need.

3. Defendants were aware of Plaintiff's injury and requests for care.

4. Defendants delayed and obstructed medical treatment without justification.

5. The delay caused unnecessary pain and worsened Plaintiff's injury.

6. Defendants' conduct was objectively unreasonable.

---

VI. COUNT III – MONELL LIABILITY (OFFICIAL CAPACITY) (Against Defendant Garcia)

1. Plaintiff realleges paragraphs 1–35.

2. Sheriff Garcia maintained customs and practices including a. Failing to staff an on-call nurse overnight; b. Allowing officers to state that medical staff were not present; c. Requiring detainees to submit medical requests despite the absence of overnight staff; d. and Maintaining grievance limitations that impeded urgent care.

3. Defendant Garcia was the final policymaker for jail operations.

4. Grant County maintained widespread practices of housing detainees in cells with known plumbing failures and addressing hazards with temporary or ineffective measures.

5. These practices were the moving force behind Plaintiff's injuries.

---

VII. COUNT IV – MONELL LIABILITY (CORPORATE) (Against Defendant Quality Correctional Care, LLC)

1. Plaintiff realleges paragraphs 1–35.

2. QCC acted under color of state law.

3. QCC maintained practices that delayed in-person medical evaluation and failed to require nurse assessment upon serious injury or suicide-watch placement.

4. These practices were the moving force behind the prolonged denial of medical care.

VIII. PRAYER FOR RELIEF

Plaintiff respectfully requests that the Court:

A. Enter judgment in Plaintiff's favor; B. Award compensatory damages; C. Award punitive damages against individual defendants; D. Award attorney's fees and costs pursuant to 42 U.S.C. § 1988; E. Grant such other relief as the Court deems just and proper.

IX. JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable

Respectfully submitted,

Landon Terrell Harbert Plaintiff, Pro Se

Date: 1/13/2026

APPENDIX A – CIVIL COVER SHEET (JS-44)

UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF INDIANA FORT WAYNE DIVISION

CIVIL COVER SHEET (JS-44)

I. (a) PLAINTIFFS

Landon Terrell Harbert

(b) County of Residence of First Listed Plaintiff: Grant County, Indiana

(c) Attorneys (If Known): Pro Se

II. DEFENDANTS

Del Garcia, Sheriff of Grant County, Indiana (individual and official capacities); Townsend, Correctional Officer; Calendar, Correctional Officer; Quality Correctional Care, LLC

County of Residence of First Listed Defendant: Grant County, Indiana

III. BASIS OF JURISDICTION (Check One)

☒ 3 Federal Question (U.S. Government Not a Party) ☐ 1 U.S. Government Plaintiff ☐ 2 U.S. Government Defendant ☐ 4 Diversity

IV. NATURE OF SUIT (Check One)

☒ 440 Civil Rights – Other ☐ 441 Voting ☐ 442 Employment ☐ 443 Housing/Accommodations

V. ORIGIN (Check One)

☒ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from Another District ☐ 6 Multidistrict Litigation

VI. CAUSE OF ACTION

42 U.S.C. § 1983 – Fourteenth Amendment violations (conditions of confinement and denial of medical care)

VII. REQUESTED IN COMPLAINT

☒ Jury Demand ☐ No Jury Demand

VIII. RELATED CASE(S)

None known.

Date: 1/13/2026

Signature of Plaintiff / Attorney:

Landon Terrell Harbert Plaintiff, Pro Se