UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| LANDON TERRELL HARBERT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No.: 1:26-cv-00030-HAB-ALT |
| | ) | |
| DEL GARCIA, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS DEL GARCIA, TOWNSEND, AND CALLENDER'S**
**BRIEF IN SUPPORT OF PARTIAL MOTION TO DISMISS**

Defendants, Sheriff Del Garcia, Deputy David Townsend, and Deputy Theodore Callender ("Defendants" or the "Grant County Sheriff Defendants"), by counsel, respectfully submit this Brief in support of their Motion to Dismiss some of Plaintiff's claims against them pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff's Complaint fails to state a claim upon which relief may be granted against these Defendants Fourteenth Amendment Due Process violations; against Defendant Garcia for individual involvement in the conditions of Plaintiff's confinement; against Sheriff Garcia in his official capacity for the conditions of Plaintiff's confinement; and against Defendants Townsend and Callender for negligence.

## I. SUMMARY OF PLAINTIFF'S ALLEGATIONS AGAINST DEFENDANTS DEL GARCIA, TOWNSEND, AND CALLENDER

Plaintiff's Second Amended Complaint is the operative complaint. [Dkt. 40] Plaintiff asserts in his Second Amended Complaint that after being detained at the Grant County jail on September 7, 2025, he was subjected to severe, unsanitary, and hazardous conditions of confinement, including chronic overcrowding and systemic plumbing failures. *Id.* at 3. On September 12, 2025, Plaintiff was placed in a segregation unit. *Id.* Plaintiff claims this is because he refused to lock inside a cell flooded with raw sewage and human feces. *Id.* Plaintiff alleges his

cell in segregation lacked cold running water. *Id.* He claims that on September 13, 2025, Defendant Townsend verified that only the hot water line in Plaintiff's cell was functional and walked away without corrective action. *Id.* at 4. Plaintiff claims he was moved to a different cell after explicitly threatening to report the conditions to the Indiana Department of Health and Indiana Attorney General. *Id.*

On September 14, 2025, Plaintiff alleges a systemic shower drainage failure caused water to flow out of the shower area and pool heavily across the dayroom floor, creating a slick walking surface. *Id.* Plaintiff asserts that "despite the obvious, recurring nature of the dayroom flooding," jail staff failed to clean up the water or place a warning sign regarding the wet floor. *Id.* Plaintiff claims he slipped and fell directly in front of Defendants Townsend and Calendar and suffered a severe fracture-dislocation of his left elbow. *Id.* Plaintiff claims he laid on the floor screaming for help and that Defendants Townsend and Callender refused to summon medical assistance and instead ordered Plaintiff to return to his cell and lock down. *Id.* Plaintiff asserts Defendant Callender ordered that the telephone lines in Plaintiff's unit be deactivated when Plaintiff attempted to use dayroom telephones "to call for outside emergency medical assistance." *Id.* Plaintiff claims the officers promised that medical care would be provided once he locked down but that no medical personnel arrived, and he was left in pain overnight. *Id.*

Plaintiff brings the following claims against the Grant County Sheriff Defendants:

**Count I:** Fourteenth Amendment Conditions of Confinement against Defendants Garcia, Townsend, and Callender

**Count II:** Fourteenth Amendment Denial of Medical Care against Defendants Townsend and Callender

**Count III:** Monell Liability for Unconstitutional Custom and Policy against Defendant Garcia in his Official Capacity

**Count V:** Negligence and Premises Liability against Defendant Garcia in his Official Capacity

**Count VI:** Medical Negligence and Negligent Delay of Care against Defendants Townsend and Callender

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) provides for the filing of a motion to dismiss a complaint for failure to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). "To properly state a claim, a plaintiff's complaint must contain allegations that plausibly suggest that the plaintiff has a right to relief, raising that possibility above a speculative level." *Kubiak v. City of Chicago*, 810 F.3d 476, 480 (7th Cir. 2016) (internal quotes omitted). This plausibility determination is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Munson v. Gaetz*, 673 F.3d 630, 633 (7th Cir. 2012). When reviewing a 12(b)(6) motion, the Court must "accept as true all of the well-pleaded facts in the complaint and draw all reasonable inferences in favor of the plaintiff." *Id.* at 480-481.

The Court may not accept legal conclusions or conclusory allegations as sufficient to state a claim for relief. *See McCauley v. City of Chicago*, 671 F.3d 611, 617 (7th Cir. 2011). Rather, the Court must identify allegations "that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). For a complaint to contain allegations that can survive a motion to dismiss, the complaint must allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

## III. ARGUMENT

### 1. Plaintiff's Second Amended Complaint fails to state a Fourteenth Amendment claim with respect to the conditions of his confinement (Counts I and III).

Plaintiff alleges he was subjected to "objectively unreasonable and hazardous conditions of confinement." [Dkt. 40 at 8] A pretrial detainee's constitutional claims related to conditions of confinement arise under the Fourteenth Amendment's Due Process Clause. *Lee v. Milwaukee*

*Cnty., Wisconsin*, 175 F.4th 877, 883 (7th Cir. 2026) (citing *Hardeman v. Curran*, 933 F.3d 816, 821–22 (7th Cir. 2019)). Plaintiff must demonstrate that the conditions he was subjected to were "objectively unreasonable"—that is, conditions "imposed expressly to punish or [that] are excessive in relation to a legitimate purpose." *Id.* (citing *Hardeman*, 933 F.3d at 822-24).

The thrust of Plaintiff's claims against the Grant County Sheriff Defendants is that he slipped, fell, and was injured as a result of standing water on the floor of the dayroom. But "[f]ederal courts consistently have adopted the view that slippery surfaces and shower floors in prisons, without more, cannot constitute a hazardous condition of confinement." *Pyles v. Fahim*, 771 F.3d 403, 410 (7th Cir. 2014). In one such case, *Murphy v. Walker*, the plaintiff, a pretrial detainee, slipped and fell while taking a shower and sustained a severe head injury. 51 F.3d 714, 719 (7th Cir. 1995). The plaintiff alleged the shower had no rails or floor mats to prevent slipping, making the shower unsafe. *Id.* However, the plaintiff did not claim that the county's officials "intentionally or recklessly maintained the shower in an unsafe condition," nor that "they were aware of previous accidents in the jail shower." *Id.* Thus, the Seventh Circuit found that the plaintiff's allegations were insufficient to state a claim under the Due Process Clause. *Id.* At most, the plaintiff had asserted a claim that the county officials negligently provided unsafe shower facilities. *Id.*

Here, as in *Murphy*, Plaintiff does not allege any facts to show that any of the Defendants intentionally or recklessly allowed an unsafe condition. Plaintiff alleges only that, on one specific date, a shower drainage failure caused water to flow out of the shower area and pool on the dayroom floor. [Dkt. 40 at 4] At most, Plaintiff has stated a claim against the municipality for negligence in failing to clean up or warn of the standing water. Negligence—even gross

negligence—is not sufficient to support liability under the Fourteenth Amendment. *Miranda v. Cnty. of Lake*, 900 F.3d 335, 353-54 (7th Cir. 2018).

Though his alleged injuries stem from his fall, Plaintiff also asserts he was subjected to "raw sewage exposure" and denied access to cold running water. With regard to Plaintiff's allegation of "raw sewage exposure," it is true that "forcing [detainees] to be surrounded by their own and others' excrement" could violation the Constitution. *Hardeman v. Curran*, 933 F.3d 816, 820 (7th Cir. 2019). But Plaintiff has not sufficiently pled such a claim. According to his own allegations, Plaintiff was never forced to enter a cell that he alleges was "flooded with raw sewage and human feces." [Dkt. 40 at 4] Plaintiff was taken to a different cell and alleges that his new cell "lacked functional plumbing," but that he was moved to a different cell the same day he notified Dep. Townsend of the lack of cold running water in that cell. [*Id.* at 5]

In comparison, the U.S. Supreme Court found that prison officials violated the constitution when they "confined an inmate for four days in a cell covered floor to ceiling with feces, followed by two days in a frigid cell with a clogged drain overflowing with bodily waste, forcing the inmate to sleep naked on the floor in raw sewage." *Taylor v. Riojas*, 592 U.S. 7, 8, 141 S. Ct. 52, 53, 208 L. Ed. 2d 164 (2020). The Seventh Circuit Court of Appeals has found the same when an inmate asserted he was confined to a cell with "feces-covered walls, a lack of hot water, hundreds of dead flies in his bed, and a mattress covered in human waste." *Thomas v. Blackard*, 2 F.4th 716, 721 (7th Cir. 2021). Plaintiff's Second Amended Complaint does not plead sufficient facts regarding the severity or duration of any alleged exposure to raw sewage to state a related conditions-of-confinement claim. *See Hardeman v. Curran*, 933 F.3d 816, 824 (7th Cir. 2019) (stating "[a] single clogged toilet does not violate the Constitution").

Plaintiff's claim that he was denied access to cold running water also fails to state a claim for objectively unreasonable conditions of confinement. "A prisoner challenging conditions of confinement must first show that the conditions were sufficiently serious as an objective matter, meaning 'that they den[ied] the inmate the minimal civilized measure of life's necessities, creating an excessive risk to the inmate's health and safety.'" *Thomas v. Blackard*, 2 F.4th 716, 719 (7th Cir. 2021) (quoting *Isby v. Brown*, 856 F.3d 508, 521 (7th Cir. 2017) (internal citations omitted)). Necessities include "'reasonably adequate ventilation, sanitation, bedding, hygienic materials, and utilities.'" *Hardeman v. Curran*, 933 F.3d 816, 820 (7th Cir. 2019) (quoting *Gray v. Hardy*, 826 F.3d 1000, 1005 (7th Cir. 2016)). Plaintiff asserts nothing to support that having only hot running water in his cell somehow deprived him of any of life's necessities.

Seventh Circuit precedent favors Defendants on this issue. In *Thomas v. Blackard*, an inmate claimed he "endured 35 days in a cell without working or running water." 2 F4th at 719. The court acknowledged that this amount of time without running water, coupled with the cell's demonstrably filthy conditions, would amount to a constitutional violation. *Id.* However, because evidence showed the inmate's cell faucet produced *cold* running water during the time he was confined, there was no violation. *Id.* There is no reason to believe the Seventh Circuit would have ruled differently if the inmate's faucet produced only hot water. There is no apparent risk of harm to Plaintiff's health or safety based on lack of access to cold water, let alone an "excessive" risk.

Because Plaintiff's Second Amended Complaint fails to state a claim for violation of the Fourteenth Amendment based on the conditions of Plaintiff's confinement at the Grant County Jail, Count I of the Second Amended Complaint should be dismissed. Count III should also be dismissed to the extent Plaintiff alleges *Monell* liability for the conditions of his confinement under Count I.

**2. Plaintiff's Complaint fails to state any individual claim against Sheriff Garcia (Count I).**

Plaintiff brings this lawsuit against Sheriff Del Garcia "in his individual and official capacities." [Dkt. 40 at 1] To recover damages against an individual under section 1983, "a plaintiff must establish that a defendant was *personally responsible* for the deprivation of a constitutional right." *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995) (emphasis added). An official such as Sheriff Garcia "cannot be personally liable under a theory of *respondeat superior*." *Id.* (citing *Jones v. City of Chicago*, 856 F.2d 985, 992 (7th Cir.1988). Sheriff Garcia must have known about the specific conduct at issue and facilitated, approved, condoned, or turned a blind eye to it. *Id.* (citing *Jones*, 856 F.2d at 992).

Count I is the only claim Plaintiff asserts against Garcia in his individual capacity. As addressed above, Plaintiff's Second Amended Complaint fails to state a Fourteenth Amendment claim against any Defendant related to the conditions of his confinement at the Grant County Jail. Even if that were not the case, however, the Second Amended Complaint would still fail to state a claim against Garcia in his individual capacity. Plaintiff makes no factual allegations that Sheriff Garcia facilitated, approved, condoned, or turned a blind eye to the alleged conditions of standing water on the dayroom floor, exposure to raw sewage, or lack of cold running water. The Seventh Circuit has "interpreted *Twombly* and *Iqbal* to require the plaintiff to 'provid[e] some specific facts' to support the legal claims asserted in the complaint." *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011). There are no facts in Plaintiff's Second Amended Complaint that support a plausible claim against Sheriff Garcia for personal involvement in the alleged conditions of Plaintiff's confinement, thus Plaintiff has failed to state a claim against Sheriff Garcia in his individual capacity.

**3. Plaintiff failed to exhaust his administrative remedies with respect to all of his claims against the Grant County Sheriff Defendants.**

Plaintiff "may not bring a federal suit about prison conditions unless he first has exhausted all available administrative remedies." *Pavey v. Conley*, 663 F.3d 899, 903 (7th Cir. 2011) (citations omitted). "A remedy is not exhausted if the prisoner has failed to abide by the procedures for pursuing relief." *Id.* (citations omitted). Failure to exhaust administrative remedies is an affirmative defense that Defendants bear the burden of proving. *Id.* (citations omitted).

Plaintiff asserts in his Second Amended Complaint that on September 10, 2025, he submitted a grievance "complaining of plumbing failures and raw sewage backups." Defendants dispute this, but regardless, Plaintiff has not alleged that he submitted a grievance in relation to standing water on the floor, his fall, or an alleged denial of medical care. Plaintiff claims that on the night of his fall, he was denied access to grievance forms. [Dkt. 40 at 5] But nothing in his Second Amended Complaint indicates he could not submit a grievance the next day or any day thereafter. Plaintiff's failure to exhaust his administrative remedies is fatal to his claims against Sheriff Garcia in his individual and official capacities, Dep. Townsend, and Dep. Callender.

**4. Plaintiff's Second Amended Complaint fails to state a claim against Sheriff Garcia in his official capacity related to the conditions of Plaintiff's confinement.**

To succeed on a section 1983 claim against a municipal entity, a plaintiff must:

(1) show that he was "deprived of a federal right";

(2) "trace the deprivation to some municipal action (i.e., a policy or custom) ... attributable to the municipality itself";

(3) show "municipal fault"; and

(4) show that "the municipal action was the moving force behind the federal-rights violation."

*Thomas*, 2 F.4th at 884 (quoting *Dean v. Wexford Health Sources, Inc.*, 18 F.4th 214, 235 (7th Cir. 2021). A municipal policy or custom can be shown to be the moving force behind a constitutional violation in any one of three ways:

> (1) an express policy that, when enforced, causes a constitutional deprivation; (2) a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well-settled as to constitute a custom or usage with the force of law; or (3) an allegation that the constitutional injury was caused by a person with final policymaking authority.

*Abbott v. Vill. of Winthrop Harbor*, 205 F.3d 976, 981 (7th Cir. 2000).

Plaintiff's Second Amended Complaint contains no allegation of any specific, express policy or widespread custom at the Grant County Sheriff that resulted in the conditions of Plaintiff's confinement alleged in his Complaint. In particular, Plaintiff makes no factual allegations from which the Court could infer that a Grant County Sheriff's Department policy, custom, or policymaker caused Plaintiff's alleged slip and fall. Plaintiff, instead, combines the different methods for proving a *Monell* claim by alleging that Sheriff Garcia, "acting as the final policymaker for the Grant County Sheriff's Department, maintained unconstitutional, widespread customs, policies, and practices at the Grant County Jail," including by "[t]olerating a widespread, longstanding practice of plumbing failures and hazardous standing water." [Dkt. 40 at 9] This is not sufficient. Simply alleging that the Sheriff had a "practice" of allowing standing water in the jail is merely an attempt to recite an element of a *Monell* claim. While well-pleaded facts in the complaint must be taken as true for purposes of a 12(b)(6) motion, "legal conclusions and conclusory allegations merely reciting the elements of the claim are not entitled to this presumption of truth." *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011).

The Court is not obligated to accept "sheer speculation, bald assertions, and unsupported conclusory statements" in a complaint when deciding a motion to dismiss. *Taha v. Int'l Bd. Of Teamsters, Local 781*, 947 F.3d 464, 469 (7th Cir. 2020). Plaintiff's unsupported, conclusory allegations are not entitled to a presumption of truth. Plaintiff has failed to state any factual allegations to make out a *Monell* claim against the Grant County Sheriff related to the conditions

of his confinement. As such, the claims asserted against Sheriff Garcia in his official capacity under Count I and Count III should be dismissed under Rule 12(b)(6).

**5. Plaintiff's state-law claims against Defendants Townsend and Callender are barred by the Indiana Tort Claims Act.**

Count VI of Plaintiff's Second Amended Complaint purports to state a state-law claim of medical negligence and negligent delay of care against Defendants Townsend and Callender. [Dkt. 40 at 10] Under the Indiana Tort Claims Act ("ITCA"), a state law tort claim (such as negligence) "filed against an employee personally must allege that an act or omission of the employee that causes a loss is: (1) criminal; (2) clearly outside the scope of the employee's employment; (3) malicious; (4) willful and wanton; or (5) calculated to benefit the employee personally." Ind. Code § 34-13-3-5. 4.The complaint must contain a reasonable factual basis to support one of the above allegations. *Id.*

Plaintiff's Second Amended Complaint acknowledges that Defendants Townsend and Callender were and are employees of the Grant County Sheriff's Department and specifically alleges they acted "within the scope of their employment." Plaintiff's Second Amended Complaint does not allege Defendants Townsend or Callender's conduct was criminal, clearly outside the scope of their employment, malicious, willful and wanton, or calculated to benefit them personally. The Second Amended Complaint also lacks any reasonable factual basis to support any assertion that Defendants Townsend and Callender's actions were criminal, outside the scope of their employment, malicious, willful and wanton, or calculated to benefit them personally. Without alleging facts to provide a reasonable factual basis to support the assertion that Townsend and Callender's actions fit one of the exceptions in Indiana Code section 34-13-3-4, Plaintiff's negligence claims against Townsend and Callender fail as a matter of law. The allegations in the

Second Amended Complaint fail to state a viable cause of action for any kind of negligence against Townsend or Callender.

WHEREFORE, Defendants, Del Garcia, Townsend, and Callender, by counsel, pray that Plaintiff takes nothing by way of his Second Amended Complaint against these Defendants, for judgment in favor of these Defendants, for attorneys' fees and costs incurred by Defendants, and for all other relief as the Court deems just and proper.

Respectfully Submitted,

*Cassie N. Heeke*
Cassie N. Heeke, Atty. No. 36497-49
CHURCH CHURCH HITTLE + ANTRIM
Two North Ninth Street
Noblesville, IN 46060

Samuel W. Hughes, Atty. No. 36556-29
CHURCH CHURCH HITTLE + ANTRIM
10765 Lantern Road, Suite 201
Fishers, IN 46038
*Attorneys for Defendants Del Garcia, Townsend, and Callender*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 31st day of August 2026, a true and exact copy of the foregoing was filed electronically via the Court's Electronic filing system. Notice of this filing was sent to the following persons by operation of the Court's Electronic filing system.

Douglass R Bitner
Stoll Keenon Ogden PLLC
334 N Senate Ave
Indianapolis, IN 46204
*Attorney for Defendant Quality Correctional Care, LLC*

I further certify that on this 31st day of August 2026, a true and exact copy of the foregoing was served upon the following persons via U.S. First Class Mail, Postage Prepaid:

Landon Terrell Harbert
2308 S. Meridian St
Marion, IN 46953
*Pro Se Plaintiff*

*Cassie N. Heeke*
Cassie N. Heeke

CHURCH CHURCH HITTLE + ANTRIM
Two North Ninth Street
Noblesville, IN 46060
T: (317) 773-2190
Email: cheeke@cchalaw.com

10765 Lantern Road, Suite 201
Fishers, IN 46038
T: (317) 773-2190
Email: shughes@cchalaw.com